No. 9700.

PIDGEON v. McCARTHY ET AL.

CITIES AND TOWNS.—*Additions.*—*Reservations.*—*Marks on Plats.*—Where a plat into lots is made of an addition to an incorporated town or city, and reservations for any purpose are marked on such plat, the intention of the proprietor of such plat in regard to the meaning of the. marks on such reservations is in general a question of fact, and not of law.

SAME.—*Borough of Vincennes.*—*General Harrison's Reserve.*—Where it appears that General William Henry Harrison, in 1816, made a plat of an addition to the borough of Vincennes, and marked on the plat of such addition one of the lots therein with the words " *General Harrison's Reserve,*" and where it also appears that such lot, so marked, was thereafter assessed for taxation for municipal purposes by the borough, town and city of Vincennes, in their successive corporate capacities, and where it further appears that for nearly sixty years such municipal taxes so assessed on such lot had been paid to the proper officer of the existing corporation by the successive owners of such lot.

*Held,* that, from these facts and others of like import, the trial court properly stated, as its conclusion of law, that the lot in question was and is within the corporate limits of the city of Vincennes, and subject to taxation by the city authorities for municipal purposes, 'as other real estate within the city limits.

From the Sullivan Circuit Court.

*H. Burns,* for appellant.

*H. S. Cauthorn* and *J. M. Boyle,* for appellees.

HOWK, J.—This suit was commenced by the appellant against the appellees Peter R. McCarthy and the city of Vincennes, in the Knox Circuit Court. The object of the suit was to perpetually enjoin the city of Vincennes and the city treasurer from selling 'certain personal property of the appellant, which had been levied upon and was about to be sold for the payment of certain taxes, claimed to be due and owing from her to said city. In her complaint, the appellant alleged in substance, that she was the owner of certain real estate, particularly described, in Knox county, called and known as the "Harrison Place," and adjoining the city of Vincennes; that such real estate had never been annexed to,

Pidgeon *v.* McCarthy *et al.*

nor in any manner made a part of, nor included within the corporate limits of said city; that the officers of said city had, however, treated said real estate as being within the city limits, and for ten years prior to the filing of said complaint, had assessed the same for city taxation, and had charged such real estate with city taxes amounting in the aggregate to the sum of $1,217.25; that the appellee McCarthy, as the city treasurer, for the purpose of enforcing the payment of said taxes by the appellant, had levied upon certain personal property belonging to her, and had advertised the same for sale. Wherefore, etc.

The cause having been put at issue on the appellant's application, the venue thereof was changed to the Sullivan Circuit Court. There the issues joined were submitted to the court for trial; and, at the request of the parties, the court made a special finding of the facts and of its conclusions of law thereon. The appellant excepted to each of the court's conclusions of law, and thereupon judgment was rendered against her for the appellees' costs, and that she take nothing by her suit herein.

In this court, the appellant has assigned, as error, that the trial court erred in each and all of its conclusions of law, upon its special finding of facts.

It is necessary to the proper presentation of this case, and of the grounds upon which the appellant asks this court to reverse the judgment below, that we should first give a summary, at least, of the facts specially found by the court, and of its conclusions of law thereon. The court found the facts specially, in substance, as follows:

1st. That, by an act of the Legislative Council and House of Representatives of the Indiana Territory, entitled "An act to incorporate the borough of Vincennes," approved September 5th, 1814, such parts of the town of Vincennes as are within the following limits, to wit: the plantation of William Henry Harrison on the northeast, the Church lands on the southwest, the river Wabash on the northwest, and the lines of the

commons, as laid out for the inhabitants of Vincennes, in pursuance of an act of Congress, in all the other parts to and sides thereof, were erected into a borough by the name of the "Borough of Vincennes;" that there should be nine trustees of the borough, who should be residents and freeholders or householders therein, and be elected annually, commencing on the first Monday in February, 1815.

2d. That, in 1816, William Henry Harrison laid off an addition to said borough, which was sworn to by him and recorded in the recorder's office of said Knox county, and is marked "Plan of Harrison's addition to Vincennes"; that the addition is a part of upper prairie surveys 1, 2, 3 and 4, adjoined Vincennes on the northeast, contained 59 acres, and was bounded on the southwest by Hart street, on the northwest by the river Wabash, on the northeast by Hickman street, and on the southeast by Trotter street, now known as Seventh street; and that the property in question is within the above limits. The addition is laid off into lots, numbered to 209, inclusive, but not all of the same size. The place in question is bounded on the southwest by Scott street, on the northwest by the river Wabash, on the northeast by Perry, now Harrison, street, on the southeast by Parke street, and is marked "General Harrison's Reserve," and contains between three and four acres, without showing whether reserved from sale or from the addition. The territory, on all sides, is laid off and platted into lots. One-half of one square is marked "Judge Parke's Reserve"; and another half-square, opposite the latter, is left blank, without number or other designation.

3d. That, by an act of the General Assembly of this State, entitled "An act to add the lots lately laid out by General William Henry Harrison, to the borough of Vincennes," approved January 3d, 1817, it was enacted in substance, as follows:

Sec. 1. Be it enacted, etc., that, from and after the passage of this act, all the lots laid out by General William Henry Harrison, adjoining the borough of Vincennes, to wit: bounded

on the southwest by the said borough of Vincennes, on the northwest by the Wabash river, on the northeast by lands of —— Lunnion, and on the southwest belonging to said William Henry Harrison, and lying on Hickman, Trotter and Hart streets, shall be added to, incorporated in and constituted a part of the borough of Vincennes; and the trustees of the borough of Vincennes shall at all times hereafter have and enjoy all the rights, privileges and immunities which they now enjoy, in and over the borough aforesaid; and the citizens now resident within the boundary hereby added to the borough of Vincennes, and all such which may hereafter settle therein, shall have and enjoy the same rights and privileges which the citizens now resident within the said borough of Vincennes are or may be entitled to have and enjoy.

4th. That, by an act of the General Assembly of this State, entitled "An act respecting the borough of Vincennes," approved January 27th, 1836, it was enacted, in substance, as follows:

Sec. 1. The president and board of trustees of the borough of Vincennes shall be and are declared a body corporate and politic, by the name and style of the president and trustees of the borough of Vincennes.

Sec. 12. The bounds of said borough shall be according to the survey, including Harrison's addition, which was filed in the office of the clerk of the board of trustees for said borough on April 16th, 1821.

Sec. 20. The plat of said borough, now on file in the office of the clerk of the late board of trustees of said borough, shall be recorded by the recorder of Knox county, sixty days after the adoption of this act.

Sec. 18. The said borough of Vincennes shall be divided into four wards, * * * and the fourth or upper ward to contain all between Perry street and the northeast boundary of Harrison's addition.

The survey named in said act was recorded by the recorder of Knox county, in a record of his office, and the lot de-

scribed in the complaint is within the territorial limits and boundaries described in said survey, and the survey omits the words " General Harrison's Reserve," and has marked simply " Wm. H. Harrison."

5th. The said corporation continued and acted as such until in 1856, when it became incorporated as a city under the general law of the State for the incorporation of cities, by the name of the city of Vincennes, and still was a city corporation under the laws of the State.

6th. Under sections 84 and 85 of the general law of March 9th, 1857, for the incorporation of cities, the common council of said city presented to the board of commissioners of Knox county, at its —— term, 1858, a petition for the annexation of certain territory, within certain boundaries, to said city, which petition was duly verified, and accompanied by a map or plat accurately describing the territory proposed to be annexed; and it appearing to the board that the common council had given thirty days' notice, by publication in the *Western Sun*, a newspaper printed and published in the city of Vincennes, of the petition, and stating in the notice the territory sought to be annexed; and all things in the premises being duly considered by the board, the prayer of the petition is granted, and it is ordered and decreed by the board, that the territory described in the petition be annexed to the city of Vincennes, and that an attested copy of this order be filed with the clerk of the Knox Circuit Court. The territory lying next adjoining the city on the southeast and northeast was annexed by order of said county board, whereof an attested copy was filed in the Knox Circuit Court, and the city has exercised authority and jurisdiction over all the territory described in said order, with the acquiescence and consent of the people residing therein.

7th. On June 29th, 1821, General William Henry Harrison executed a conveyance to his son, John C. S. Harrison, of the real estate described in the complaint, describing the same in his deed as " lying and being in the borough of Vincennes,"

etc.; that the said lot is the lot on which the plaintiff now lives, and has been owned by her since December 28th, 1861; that she derives title to said lot through and under divers deeds from persons, who each derived title thereto through and from said Harrison and his son; that in all of said deeds, through and under which she claims, the lot in question is described as being in the borough of Vincennes, while it was a borough, and in the city, after it became a city.

8th. The lot has been assessed for taxes by the borough and by its successor, the city, ever since the year 1817; there are no records showing that any property was assessed by the borough for taxes, for previous years. The taxes so assessed were paid for the time so assessed, up to the year 1860, when the plaintiff became the owner, and the plaintiff paid the taxes from that time up to 1874, through William F. Pidgeon, her husband, when the taxes became delinquent, and now amount to $1,217.25.

9th. That John C. S. Harrison resided on the lot in question from 1819 to and including 1828; that at the election for borough trustees, held next after the said John became the owner of said lot, in February, 1822, he was elected one of the trustees of the borough, and was annually thereafter elected as such, up to and including 1828, and acted as such trustee up to November 15th, 1828, and during part of the time was chairman of the board of trustees.

10th. That William F. Pidgeon is and was, while the plaintiff was the owner of the lot, the plaintiff's husband; lived with her on the place, and acted as her agent, since she was the owner; that since, and while they have resided on the place, William F. Pidgeon was elected a councilman from the sixth ward of the city, for two terms, of two years each, and served as such.

11th. That Benjamin Parke, in 1822, executed a deed to certain named persons for the place marked in Harrison's addition as " Parke's Reserve," and described the same as being in the borough of Vincennes, and that in all of the deeds

from the owners of said lots since said deed, the same has been described as being in the borough of Vincennes, while it was a borough, and as in the city of Vincennes, after it became a city.

12th. That General William Henry Harrison, on September 13th, 1816, executed a deed to Samuel T. Scott for the half-square opposite Parke's place, which is not numbered on the plat of Harrison's addition, but is known as "Scott's Block," wherein he described the same as in the town of Vincennes, and it is so described in all deeds by subsequent owners.

13th. That ever since the act of January 3d, 1817, the borough of Vincennes and the city of Vincennes, its successor, have exercised jurisdiction over the lot of the plaintiff, for municipal purposes, assessed and collected taxes, and the owners thereof have, by their acts and conduct, recognized that the same is within said borough and city, and acquiesced in such jurisdiction ever since said period, and exercised the rights of citizens.

14th. That Peter R. McCarthy, at the commencement of this suit, was city treasurer, having in his hands the tax duplicate, upon which was charged the sum of $1,217.25, and, as such treasurer, levied on the property in the complaint mentioned, to make the same.

"And thereupon the court finds the following conclusions of law, based upon said findings of fact:

" 1. The court finds for the defendants; and,

" 2. That the premises in the complaint mentioned, to wit " (description), "are within the corporate limits of the city of Vincennes, Indiana, and have been before and from the time of the purchase of the complainant, and are and were from the date of said purchase, subject to taxation as other real estate in said city of Vincennes, and that the levy of said city by its officers, upon the property in the complaint mentioned, for the taxes due said city from complainant, on said land and personal property of complainant so found to be in the cor-

porate limits of said city, is valid, and that the temporary restraining order be and the same is now dissolved, and that there is now due said city from the complainant the taxes in the answer mentioned, to wit, $1,217.25."

(Signed) " H. D. Scott, Judge."

We are of the opinion that, upon the facts specially found, the court's conclusions of law were clearly right. The appellant claims that her lot, known as the " Harrison Place," is not and never was a part of Harrison's addition to Vincennes; and this claim is founded upon the fact, apparent on the plan or plat of said addition, that the lot in question is marked thereon as " General Harrison's Reserve." Upon this point, the appellant's counsel says: " General Harrison must have meant something by marking a certain parcel of ground as being reserved. What did he mean by the word 'reserve'? He must have meant that the parcel of ground so marked was to be reserved out of the addition, and not to be included therein. From what else could he reserve it?" It seems to us, however, that if General Harrison had meant or intended to reserve the lot in question from or out of his addition to Vincennes, he would not have included such lot in the plan or plat of his addition. He did mean something, no doubt, by marking the lot as his reserve; and what he meant is shown, we think, by his marking another lot as " Judge Parke's Reserve." In this latter case, he meant to indicate that the lot, so marked, was reserved for Judge Parke; and so, with regard to the lot marked as " General Harrison's Reserve," he meant to indicate by such mark, that he reserved such lot from sale for himself or his family.

It is manifest that this was General Harrison's intention in so marking the lot in question, from the fact found by the court, that within five years after he made his addition to Vincennes, to wit, on June 29th, 1821, he executed a conveyance to his son, John Cleves Symmes Harrison, of said lot, and described the same as " lying and being in the borough of Vincennes." It is evident, also, that General Harrison re-

garded the lot in question as a part of his addition to the borough of Vincennes, from the fact found by the court, that such lot was assessed for taxes by said borough from the year 1817, and by its successor, the city of Vincennes, and that such taxes were paid until 1874, during the first four years of which time, the lot was owned by General Harrison. It can hardly be supposed that he would have paid the borough taxes on the lot if he had intended to reserve, or had in fact reserved, such lot from his addition to said borough. Upon the facts found by the court, we are clearly of the opinion that the appellant's lot was not reserved from, but was in fact a part of Harrison's addition to Vincennes; that, as such part of said addition, the lot in question became a lot within the borough of Vincennes, under the act of January 3d, 1817, entitled "An act to add the lots lately laid out by General William Henry Harrison to the borough of Vincennes," and under section 2 of the act of January 27th, 1836, entitled "An act respecting the borough of Vincennes;" and that, being thus a lot within the borough of Vincennes, it became and was a lot within the corporate limits of the city of Vincennes, when the said borough became an incorporated city, under the general law of the State for the incorporation of cities, in the year 1856, and has since so continued.

This conclusion saps the foundation of the appellant's cause of action. For it is clear, that unless the appellant's lot was reserved from and formed no part of Harrison's addition to Vincennes, it became a lot within the limits of the borough of Vincennes, under the above entitled acts in relation to said borough; and, if it became a lot within said borough, it became of necessity a lot within the city, when the borough was incorporated as the city of Vincennes. We have shown, we think, that the lot was not reserved from, but was in fact a part of Harrison's addition to Vincennes; and, therefore, it follows that the lot became a part of the borough, and subsequently of the city, of Vincennes. This is so, without any reference to the annexation proceedings mentioned in the special find-

ings of the court; and the questions in relation to the validity of those proceedings, which have been elaborately discussed by the appellant's counsel, seem to us to be wholly immaterial.

Upon the case as presented by the special findings of facts, it is clear to our minds, that the court did not err in its conclusions of law.

The judgment is affirmed, with costs.

NIBLACK, J., took no part in the consideration or decision of this cause.